SAMUEL AMSTERDAM, Appellant, *v.* SAMUEL MARMOR, Respondent.

Supreme Court, Appellate Term, First Department, November 10, 1925.

Unfair competition — action for damages arising from violation of covenant by defendant not to become interested in any business — defendant assisted brother-in-law to establish place of business in adjoining property — covenant construed as provision to refrain from injuring plaintiff's good will — damages — plaintiff entitled to difference in value between store with competition and store without it.

In an action for damages arising from the violation of a covenant, made upon the sale of defendant's store business to plaintiff in which the defendant agreed not to become interested directly or indirectly in any business, said covenant will be construed as a promise to refrain from injuring the good will of the business which defendant sold to plaintiff, and will be deemed to have been violated by the defendant where he assisted his brother-in-law to establish a business in the adjoining property by extending him a credit for merchandise and actually advising the choice of said merchandise.

Plaintiff's measure of damages is the difference in value, as shown by expert testimony, between the store with the competition and its value without it.

APPEAL by plaintiff from a judgment of the Municipal Court, Borough of The Bronx, First District, in favor of defendant entered upon a dismissal at close of plaintiff's case.

Appellate Term, First Department, November, 1925.          [Vol. 125

*Noble, Morgan & Scammell* [*Earl C. Vedder* of counsel], for the appellant.

*Stringham & Foley* [*Raymond B. Stringham* of counsel], for the respondent.

PER CURIAM:

We think that defendant violated the covenant not to " in any manner whatsoever become interested, directly or indirectly, in any business, etc.," by assisting his brother-in-law to establish a business next door, by extending to him a credit for merchandise, and guaranteeing accounts for him, thus securing credit which had been denied, and actually advising the choice of merchandise and going with him and picking out merchandise. Such a covenant must be construed as a promise to refrain from injuring the good will of the business which defendant sold to plaintiff. Plaintiff's measure of damage, however, is narrow. It is confined to the difference in value between the store with the competition and its value without it. This must be shown by expert testimony. The price that plaintiff obtained on a resale is not competent. As a foundation for the expert testimony evidence of decreased sales after the competition, if reasonably connected with the competition, may be adduced, but such evidence alone will not warrant a definite amount of money damage. As the case was dismissed without reference to the question of damage we order a new trial.

Judgment reversed and new trial ordered, with thirty dollars costs to appellant to abide the event.

All concur; present, GUY, BIJUR and MULLAN, JJ.