21 F.3d 1116
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
THOR INDUSTRIES, INC., Plaintiff-Appellant,
v.
Herbert F. BOECKMANN, II, Rexhall Industries, Inc., and
William J. Rex, Defendants-Appellees.
 No. 92-55040.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted June 9, 1993.
Decided April 7, 1994.
 
 Before: KOZINSKI, SILER** and KLEINFELD, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Herbert F. Boeckmann, II, as seller of a motor home manufacturing company, promised his buyer, Thor Industries, only that he would not "directly or indirectly[ ] engage in the business of manufacturing motor homes," for a specified time. Viewed against controlling New York law, the connections between Boeckmann and Rexhall Industries--i.e., Boeckmann's guarantee to Ford and role as consignment dealer--did not violate this covenant. Nor do other valid recovery theories exist. As such, the district court's summary judgment decision should be AFFIRMED.
 
 
 3
 New York law requires that, in the absence of a proprietary interest, a party be actively involved in a business to violate a promise restricting competition. Cases discussing the issue suggest that a substantial level of practical participation must occur to be improper. See Foyer Key Sung v. Ramirez, 467 N.Y.S.2d 486, 488-89 (N.Y.Sup.Ct.1983); Corwin v. Hawkins, 59 N.Y.S. 603, 606 (N.Y.App.Div.1899); Amsterdam v. Marmor, 212 N.Y.S. 300, 301 (N.Y.App.Term.1925); Zellner v. Dell'orso, 95 N.Y.S.2d 858, 858-59 (N.Y.Sup.Ct.1950), aff'd, 102 N.Y.S.2d 457 (N.Y.App.Div.1951). Such an interpretation is consistent with New York's general disaffection for non-competition agreements. See Foyer Key Sung, 467 N.Y.S.2d at 489.
 
 
 4
 No New York cases hint that mere financial assistance--which is the extent of aid by Boeckmann that Thor decries--would violate a non-competition covenant. Here, Boeckmann had no profit interest in Rexhall and did not at all advise or participate in Rexhall's manufacturing operation. Boeckmann simply did not "engage in" the forbidden business. All Boeckmann did was cooperate with Rexhall in the purchase of chassis and provide a limited assurance of Rexhall's legitimacy. Given New York's stingy interpretation of non-competition covenants, it is clear that the district court correctly granted summary judgment for Boeckmann and the other defendants on Thor's breach-dependent theories.[1]
 
 AFFIRMED
 
 
 *
 The Honorable Eugene E. Siler, Jr., Circuit Judge, United State Court of Appeals for the Sixth Circuit, sitting by designation
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Thor's implied covenant analysis also fails. The non-competition language at issue expressly demarcates the extent of limitation on Boeckmann's competitive freedom. Expanding that limitation through the use of implied obligations would contradict the parties' express language. This an implied covenant may not do. See Murphy v. American Home Prods. Corp., 461 N.Y.S.2d 232, 237 (1983)